Sophia B. Collins, Bar No. 289318
scollins@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Fax No.: 925.946.9809

Anthony G. Ly, Bar No. 228883
aly@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 800.715.1330

Sarah R. Boxer, Bar No. 322393
sboxer@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendant
ACCENTURE LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA WATSON, on behalf of herself and all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>ACCENTURE LLP, a business entity of unknown form; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.   3:24-cv-4247<br><br>[Removed from Case No. CGC-24-615254]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

PLEASE TAKE NOTICE that Defendant ACCENTURE LLP ("Defendant") hereby files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and remove this action from the Superior Court for the State of California, in and for the County of San Francisco, to the United States District Court for the Northern District of California. As grounds for removal, Defendant states as follows:

## I. STATEMENT OF JURISDICTION

1. The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. See 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. VENUE

2. This action was filed in the Superior Court for the State of California, County of San Francisco. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. Sections 84(c)(2), 1391, 1441, and 1446.

## III. PLEADINGS, PROCESS, AND ORDERS

3. On June 6, 2024, Plaintiff Soraya Watson ("Plaintiff") filed a Class Action Complaint against Defendant in the Superior Court for the State of California, County of San Francisco, captioned: SORAYA WATSON, on behalf of herself and all others similarly situated, and the general public, v. ACCENTURE LLP, a business entity of unknown form; and DOES 1 through 50, inclusive, County of San Francisco Case Number CGC-24-615254 (hereinafter "Complaint"). Declaration of Sarah Boxer in Support of Defendant's Notice to Federal Court of Removal of Civil Action from State Court ("Boxer Decl."), ¶ 3, Exhibit 1, Complaint.

4. Plaintiff's Complaint asserts the following seven causes of action: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Pay Hourly Wages and

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT  2

Overtime; (4) Failure to Provide Accurate Written Wage Statements; (5) Failure to Timely Pay All Final Wages; (6) Failure to Indemnify; and (7) Unfair Competition. *Id.* at ¶¶ 36-126. The Superior Court of the State of California, County of San Francisco's docket for this matter also indicates that, on the same day, Plaintiff filed a Civil Case Cover Sheet. A true and correct copy of the Complaint and Civil Case Cover Sheet are attached as Exhibit 1 to the Boxer Declaration filed concurrently herewith. Boxer Decl. ¶ 3, Ex. 1.

5. Also on June 6, 2024, the Court issued a Notice to Plaintiff. A true and correct copy of the Notice to Plaintiff is attached to the Boxer Decl. as Exhibit 2. Boxer Decl. ¶ 4, Ex. 2.

6. On June 10, 2024, a Summons was issued to Plaintiff. A true and correct copy of the Summons is attached to the Boxer Decl. as Exhibit 3. Boxer Decl. ¶ 5, Ex. 3.

7. Defendant was served with the Complaint on June 14, 2024. True and correct copies of the proofs of service filed with the Court on June 14, 2024 and June 24, 2024 are attached to the Boxer Decl. as Exhibit 4. Boxer Decl. ¶ 6, Ex. 4.

8. On July 12, 2024, Defendant filed and served its Answer to Plaintiff's Complaint with the Court. A true and correct copy of Defendant's Answer is attached to the Boxer Decl. as Exhibit 5. Boxer Decl. ¶ 7, Ex. 5.

9. Pursuant to 28 U.S.C. §1446, Exhibits 1-5 accompanying the Boxer Declaration constitute all process, pleadings and orders filed and/or served on Defendant in this action. Boxer Decl., ¶ 8. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of the State of California, County of San Francisco, or served by any party. *Id.*

**IV.   TIMELINESS OF REMOVAL**

10. Thirty days from June 14 is Sunday, July 14. Pursuant to Fed. R. Civ. P. 6(a)(1)(C), when the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. See Fed. R. Civ. P. 6(a)(1)(A)(5) (requiring deadlines "count every day, including intermediate Saturdays, Sundays, and legal holidays … but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Further, "next day" is

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                    3

1  "determined by continuing to count forward when the period is measured after an event and backward
2  when measured before an event." *See id.* Therefore, the period is extended to Monday, July 15, and
3  this Notice of Removal is timely filed.

## V. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

11. Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Northern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Emil Davtyan, David Yeremian, David Keledjian, and Kevin R. Burns of D.Law, Inc., 880 E. Broadway, Glendale, CA 91205. Boxer Decl. ¶ 9. In addition, a copy of Defendant's Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Francisco. *Id.*

## VI. REMOVAL IS PROPER UNDER CAFA

12. CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

### A. Plaintiff Filed A Class Action Under State Law

13. Plaintiff filed this action as a class action based on alleged violations of California state law and seeks class certification under California Code of Civil Procedure Section 382. Boxer Decl., ¶ 3, Ex. 1, Complaint, at ¶¶ 1, 10.

### B. The Putative Class Contains At Least 100 Members

14. 128 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

15. Plaintiff proposes an "Hourly Employee Class" consisting of "[a]ll persons employed by Defendant, collectively or separately, and/or any staffing agencies and/or any third parties in hourly

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

4

1  or non-exempt positions in California four years prior to the filing of this action and ending on the
2  date that final judgment is interested in this action." *Id.* at ¶ 11. Plaintiff also describes six subclasses
3  covering the "Relevant Time Period": "Meal Period Sub-Class", "Rest Period Sub-Class", "Waiting
4  Time Penalties Sub-Class", "Wage Statement Class", "Expense Reimbursement Class", and "UCL
5  Class." *Id.* at ¶ 11. Plaintiff defines the Relevant Time Period as "four years prior to the filing of this
6  action until judgment is entered." *Id.*

7        16.     Based on a preliminary review of Defendant's records, since June 6, 2021, Defendant
8  has employed and terminated at least 900 full-time non-exempt employees in California. Declaration
9  of Shelby Burroughs in Support of Defendant's Removal of Civil Action to Federal Court ("Burroughs
10  Decl."), ¶ 5. Accordingly, Defendant's internal records demonstrate that there are well over 100
11  putative class members in this case. *Id.*

12      **C.**     **Defendant Is Not A Government Entity**

13        17.     Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where the
14  "primary defendants are States, State officials, or other governmental entities against whom the district
15  court may be foreclosed from ordering relief."

16        18.     Defendant is a limited liability partnership, not a state, state official, or other
17  government entity exempt from CAFA. See Declaration of Robert F. Goldman in Support of
18  Defendant's Removal of Civil Action to Federal Court ("Goldman Decl."), ¶¶ 3-4.

19      **D.**     **The Parties Have Minimal Diversity**

20        19.     It is well-settled that "CAFA confers jurisdiction on federal district courts over class
21  actions when, among other things, 'any member of a class of plaintiffs is a citizen of a State different
22  from any defendant.'" *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) (citation
23  omitted). "Unlike the complete diversity of citizenship generally required by § 1332(a), therefore,
24  CAFA requires only "minimal diversity." *Id.*, citing *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th
25  Cir. 2005).

26        **1.**     **Plaintiff is a Citizen of California**

27        20.     For diversity purposes, a person is a "citizen" of the state in which she is domiciled.
28  *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v.*

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT     5

<pre>                                                            </pre>

1  *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); see also *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

21.  The Complaint alleges that Plaintiff "is, and at all relevant times mentioned herein, [sic] an individual residing in the State of California." Boxer Decl., ¶ 3, Ex. 1, Complaint, at ¶ 5. Defendant has thus established by a preponderance of the evidence that Plaintiff is domiciled in California, and is, thus, a citizen of California. *See Id.*; Lew, 797 F.2d at 751; Smith, 2008 WL 744709, at *7.

### 2.  Defendant is Not a Citizen Of California

22.  For diversity purposes, an unincorporated partnership, such as a limited liability partnership, is deemed to be a citizen of every state of which its members are citizens. *See Lincoln Property Co. v. Roche*, 546 US 81, 84 (2005) ([partnership's] citizenship for diversity purposes is determined by examining the citizenship of all of its partners or members).

23.  At all relevant times, Defendant was, and still is, a limited liability partnership duly organized and existing under the laws of Illinois. Goldman Decl., ¶ 4. Defendant has six partners, none of which are California citizens:

    a.  The first partner in Defendant is Accenture Inc., a corporation duly organized under the laws of Delaware with its principal place of business located in Chicago, Illinois, which is where its headquarters are located and where its operations and executive and administrative functions are primarily coordinated.

    b.  The second partner in Defendant is Accenture LLC, a limited liability company duly organized under the laws of Delaware. Accenture LLC's sole member is Accenture Sub

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    6

      LLC, which is organized under the laws of Delaware. Accenture Sub LLC's sole member is Accenture Inc., a corporation duly organized under the laws of Delaware with its principal place of business located in Chicago, Illinois, which is where its headquarters are located and where its operations and executive and administrative functions are primarily coordinated.

    c. The third partner in Defendant is Accenture Sub II Inc., a corporation duly organized under the laws of Delaware with its headquarters and principal place of business located in Chicago, Illinois, where its operations and executive and administrative functions are primarily coordinated.

    d. The fourth partner in Defendant is Accenture Sub III Inc., a corporation duly organized under the laws of Delaware with its headquarters and principal place of business located in Chicago, Illinois, where its operations and executive and administrative functions are primarily coordinated.

    e. The fifth partner in Defendant is Accenture Sub IV Inc., a corporation duly organized under the laws of Delaware with its headquarters and principal place of business located in Chicago, Illinois, where its operations and executive and administrative functions are primarily coordinated.

    f. The sixth partner in Defendant is Accenture Sub V Inc., a corporation duly authorized under the laws of Delaware with its headquarters and principal place of business located in Chicago, Illinois, where its operations and executive and administrative functions are primarily coordinated.

*Id.*

24. Accordingly, at all relevant times, Defendant has been a citizen of the States of Illinois and Delaware.

25. The presence of Doe defendants has no bearing on diversity with respect to removal. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

7

26. Based on the foregoing, because Plaintiff is a citizen of a state (California) different from at least one Defendant (Illinois, Delaware), diversity is established between Plaintiff and Defendant for purposes of CAFA jurisdiction. See 28 U.S.C. §§ 1332(d)(2)(A), 1453.

## VII.   THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

27. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

28. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The defendant's "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553.

29. Although Defendant expressly denies any liability for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on her claims. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover."). Stated differently, the ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); accord *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT                    8

30. Here, Plaintiff seeks to recover on behalf of a class of non-exempt employees all unpaid wages, premiums, penalties, attorneys' fees and costs for failure to provide meal and rest breaks, failure to pay minimum wage and overtime, failure to provide accurate wage statements, failure to pay wages at termination, and failure to indemnify for necessary business expenses. Boxer Decl., ¶ 3, Ex. 1, Complaint, at Caption Page.

31. Plaintiff alleges that "Defendants had a common policy and practice of systemically failing to pay Plaintiff and Class Members proper wages and overtime for all hours worked, at the proper rates of pay." *Id.* at ¶ 20.

32. Plaintiff alleges that "Defendants implemented an unlawful time-rounding policy and practice which rounded down and reduced the actual working hours recorded by Plaintiff and Class Members" and that "Plaintiff and Class Members were also consistently required to perform work, off-the-clock, for which they were not paid wages." *Id.* at ¶¶ 21-22.

33. Plaintiff further alleges that Defendant had a "common policy and practice of systemically denying Plaintiff and Class Members the opportunity to take" legally compliant meal and rest breaks and failed to pay premium pay at the correct rates of pay for each meal and rest period denied. *Id.* at ¶¶ 25, 27-28.

34. Plaintiff also alleges that Plaintiff did not receive accurate itemized wage statements, was not timely paid all wages earned, and was not reimbursed for necessary business expenses incurred for working from home including utilities, internet, and rent. *Id.* at ¶¶ 29-35.

35. Plaintiff seeks unpaid wages and meal and rest premiums, reimbursement of business expenses, and also seeks waiting time penalties for failure to pay all wages due at termination.

**A.     Waiting Time Penalties**

36. Plaintiff's fifth cause of action asserts that Defendant "maintained a policy or practice of paying Waiting Time Penalties Sub-Class members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages" and that such conduct "has been willful." Boxer Decl., ¶ 3, Ex. 1, Complaint, at ¶¶ 98-99. Plaintiff's waiting time sub-class seeks recovery on behalf of "[a]ll Hourly Employee Class members who separated from their employment with Defendants during the period beginning three years before the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

9

filing of this action and ending when final judgment is entered." *Id.* at ¶ 11.

37. California Labor Code Section 203 states: "If an employer willfully fails to pay, without abatement or reduction...any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203. The statute of limitations for Plaintiff's claim under this Section is three years. See Cal. Code of Civ. Proc. 338; see *Avila v. Rue21, Inc.,* 432 F. Supp. 3d 1175, 1188 (E.D. Cal. 2020) (citation omitted) (finding defendant need not produce evidence and reasonably assumed based on the allegations in complaint that plaintiff could obtain statutory penalty of maximum thirty days).

38. Based on a preliminary review of Defendant's business records, at least 900 non-exempt employees of Defendant in California have ended their employment since June 6, 2021. Burroughs Decl., ¶ 5. The average hourly rate for the approximately 900 full-time, non-exempt employees since June 6, 2021 is approximately $35.50. The typical work schedule for full-time non-exempt employees in California since June 6, 2021 is approximately 8 hours per day, 5 days per week. Burroughs Decl., ¶ 6.

39. Per Plaintiff's Complaint, waiting time penalties are owed to all former employees due to Defendant's "unlawful time rounding policy" and practice that employees "were consistently required to perform work, off-the-clock for which they were not paid wages." Boxer Decl., ¶ 3, Ex. 1, Complaint, at ¶¶ 77-78. Specifically, Plaintiff alleges that "Defendants implemented an unlawful time-rounding policy and practice which rounded down and reduced the actual working hours recorded by Plaintiff and the Hourly Employee Class, and upon which their pay was based." *Id.* at ¶ 77. She also alleges that employees were not paid all hours worked on a daily basis because employees were "systemically required to arrive to work early and undergo mandatory security and temperature checks, and then spend time badging and logging into the payroll software, all prior to clocking in and for which no wages were paid." *Id.* at ¶ 78. They are also allegedly owed to former employees who were not paid for meal or rest period premium payments at the appropriate regular rate of pay. *Id.* at ¶¶ 48, 59.

///

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
10

40. While Defendant denies the validity and merit of Plaintiff's claim for failure to pay all wages due upon separation of employment, including the statute of limitations alleged, for purposes of removal only, assuming that Plaintiff's allegations are correct that all former non-exempt employees are entitled to waiting time penalties at an hourly rate of $35.50, the amount in controversy for Plaintiff's waiting time penalties claim alone is at least $7,668,000 (900 former employees x $35.50 x 8 hours per day x 30 days).

### B. Attorneys' Fees

41. Plaintiff seeks "[c]osts of suit" and [r]easonable attorneys' fees" in addition to "[p]re-judgment interest" and "[s]uch other relief as the Court deems just and proper." Boxer Decl., ¶ 3, Ex. 1, Complaint, at Prayer for Relief. Plaintiff also alleges that her UCL 17200 claim (cause of action no. 7) allows for recovery of attorneys' fees. Boxer Decl., ¶ 3, Ex. 1, Complaint, at ¶ 124.

42. It is well-settled that, "[w]here a statutory authority provides for attorney's fees, the fees are included in the amount in controversy to reach CAFA's $5,000,000." *Galt v. Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"). Further, the calculation of attorneys' fees is not limited to those incurred at the time of removal but includes future attorneys' fees at stake in the litigation. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future attorneys' fees are at stake in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy.") (citations, quotation marks, and brackets omitted).

43. In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000).

///

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                         11

44. The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Espinosa v. Genesis Healthcare, Inc.*, 2020 WL 10641865, at *4 (C.D. Cal. 2020) ("In the absence of countervailing evidence from Plaintiff, the preponderance of the evidence supports applying the 25% attorneys' fee benchmark for purposes of calculating the amount in controversy in this case."). Based on Plaintiff's allegations, the amount in controversy for the failure to pay all wages at termination claim alone totals at least $7,668,000. Taking into account attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by at least $1,917,000 for a total amount in controversy of at least $9,585,000.

## VIII. CONCLUSION

45. Removal of this action is therefore proper as the alleged class is comprised of at least 100 individuals, the parties are diverse, and the aggregate value of Plaintiff's causes of action is well in excess of the CAFA jurisdiction requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2).

46. As detailed above, the amount in controversy for only the waiting time penalty claim and attorneys' fees is at least $9,585,000. Plaintiff's additional claims for unpaid wages, meal and rest premiums, inaccurate wage statements, and failure to indemnify for necessary business expenses will increase the amount in controversy substantially.

47. Defendant provides the foregoing calculations only to demonstrate that the amount placed in controversy by Plaintiff's Complaint easily exceeds the amount in controversy requirement of the CAFA. Defendant makes no admission of any liability or damages with respect to any aspect of this case, nor do they endorse or concede that the proffered methodology for such calculations for purposes of demonstrating that the jurisdictional minimum is met could be used in lieu of individualized inquiries or otherwise.

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

12

WHEREFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Dated: July 15, 2024

LITTLER MENDELSON, P.C.

/s/ Sarah R. Boxer
Sophia B. Collins
Anthony G. Ly
Sarah R. Boxer
Attorneys for Defendant
ACCENTURE LLP

4886-9817-5951.6 / 090457-1055

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

13